# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| MELISSA ANDERSEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 2026-cv- |
| ) | |
| NEWREZ LLC, et. al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Newrez"), while fully reserving its rights to object to service, jurisdiction, and venue, and without waiving any of its other defenses or objections, remove to this Court the civil action styled, *Melissa Andersen v. Newrez LLC, et al.*, Case No. 62-CV-2025-900102.00, which was originally filed in the Circuit Court of Tallapoosa County, Alabama by Plaintiff Melissa Andersen ("Plaintiff").

## BACKGROUND

1.  On December 18, 2025, Plaintiff filed the "Complaint For Injunctive and Declaratory Relief" (the "Complaint") in the Circuit Court of Tallapoosa County, Alabama and named as defendants Newrez and "Padgett Law Group" (collectively, the "Defendants").

1

2. Plaintiff asserts federal causes of action under the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulation (Regulation X), along with state law claims for declaratory and injunctive relief related to the foreclosure of a first mortgage on real property.

## TIMELINESS OF NOTICE OF REMOVAL

3. Contrary to the service attempted by Plaintiff by certified mail, Plaintiff has not properly served either of the Defendants to date, service neither being sent to the registered agents for service of process, nor being against the properly named entity in the case of "Padgett Law Group." Because this Notice of Removal is within 30 days of any of the Defendants being properly served with the Complaint, this Notice is timely under 28 U.S.C. § 1446(b)(1).

## FEDERAL QUESTION JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims against Defendants that arise under the Constitution, laws, and/or treaties of the United States.

5. In her Complaint, Plaintiff asserts claims against the Defendants for violations of RESPA and Regulation X. "[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Consequently, this Court has jurisdiction under 28 U.S.C. § 1331, because Plaintiff asserts federal statutory

claims for RESPA and Regulation X violations. *Id.*; *Boone v. JP Morgan Chase Bank*, 447 F. App'x 961, 963 (11th Cir. 2011) ("Here, removal to federal court was proper because the district court had subject-matter jurisdiction based on the alleged violations of federal statutes including . . . RESPA").

## DIVERSITY JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**A.  Diversity of Citizenship**

7. Plaintiff is resident of Tallapoosa County, Alabama who intends to remain there in the property in question and, thus, is a citizen of Alabama.

8. Newrez is a limited liability company. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all the members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Newrez is a wholly-owned subsidiary of NewRez Holdings LLC f/k/a Shellpoint Partners LLC, a Delaware limited liability company. NewRez Holdings LLC f/k/a Shellpoint Partners LLC is a wholly-owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, Delaware limited liability companies. Both NRM Acquisition LLC and NRM Acquisition II LLC are wholly-owned subsidiaries of New Residential Mortgage

LLC, a Delaware limited liability company. New Residential Mortgage LLC is a wholly-owned subsidiary of Rithm Capital Corp., a Delaware corporation with its principal place of business in New York. Therefore, Newrez is a citizen of Delaware and New York for diversity purposes.

9. Padgett Law Group is a party fraudulently joined to this action and/or a nominal party, because there is no possibility of a cognizable cause of action against Padgett under RESPA, Regulation X, or the declaratory judgment claims alleged.[1] As Plaintiff admits, Padgett Law Group is the foreclosure counsel for Newrez, neither being the loan servicer potentially susceptible to claims under RESPA and Regulation X, nor the foreclosing party potentially susceptible to any declaratory or injunctive relief against foreclosure. Plaintiff does not allege any wrongdoing whatsoever by Padgett Law Group, and therefore, there is no possibility of a legally cognizable cause of action against it. Therefore, Padgett Law Group's citizenship is disregarded for the purposes of diversity jurisdiction and this removal.

---

[1] *Thornton v. Ocwen Loan Servicing LLC*, No. 3:22-CV-277-RAH-KFP, 2023 WL 4612697, at *2 (M.D. Ala. June 15, 2023), *report and recommendation adopted*, No. 3:22CV277-RAH, 2023 WL 4611807 (M.D. Ala. July 18, 2023) (concluding fraudulent joinder based upon "no basis for recovery" against named defendants); *see Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 943 (11th Cir. 2017) (finding fraudulent joinder and disregard of citizenship when no cognizable cause of action alleged); *Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 540 (11th Cir. 2015) (analyzing fraudulent joinder based upon no possibility of stating cause of action against named defendants).

10. Accordingly, complete diversity of citizenship exists between the proper parties, Plaintiff and Newrez.

**B.     Amount in Controversy**

11. The amount in controversy exceeds $75,000.

12. Plaintiff seeks declaratory and injunctive relief to prevent foreclosure, which relief satisfies the amount in controversy requirement. In declaratory judgment/injunctive relief cases regarding real property, the amount in controversy is the value of the property. *See Orton v. Mathews*, 572 Fed. Appx. 830, 831 (11th Cir. 2014) (quiet title); *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (declaratory judgment); *Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993) (For declaratory relief, "the amount in controversy is measured by the value of the object of the litigation"—that is, "the property's undisputed fair market value."); *see also U.S. Bank, N.A. v. Smith*, 693 F. App'x 827, 830 (11th Cir. 2017) (reversing order of remand upon determining that value of home subject of removed foreclosure action exceeded $75,000); *Berry v. Mortg. Elec. Regis. Sys. Inc.*, 2012 WL 1145219, at *4 (S.D. Ala. March 15, 2012) (holding that where a right to foreclose is at issue, the amount in controversy is "best measured by the value of the home itself"); *Blake v. Bank of America, N.A.*, 2011 WL 2650849, *3 (M.D. Ala. July 6, 2011) (same); *Brown v. Citimortgage, Inc.*, 2011 WL 1059206, *3 (S.D. Ala. Mar. 4, 2011) ("The most appropriate way to measure

the value of the rights at stake when a foreclosure is at issue is the value of the property itself.").

13. At foreclosure on December 19, 2025, the property sold for $1,344,973.47.[2] Therefore, the amount in controversy (i.e., the value of the property) exceeds $75,000.

## SUPPLEMENTAL JURISDICTION

14. In addition to federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction exists when the state law claims are so related to the federal claims that they form part of the same case or controversy or are based on a "common nucleus of operative fact." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742–43 (11th Cir. 2006). Plaintiff's state law claims are based on the same set of operative facts that form the basis for her federal claims. Therefore, Plaintiff's state law claims are part of the same case or controversy. *See id.*

## VENUE

15. Under 28 U.S.C. § 1441(a), this action may be removed to the district court and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for

---

[2] A copy of the Foreclosure Deed is attached as **Exhibit 3**.

the Middle District of Alabama, Eastern Division, as this is the district embracing Tallapoosa County, Alabama—the location of the pending state court action.

## **PROCEDURAL COMPLIANCE**

16. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, including "all process, pleadings and orders served upon" Newrez through this date, are attached hereto as **Exhibit 1**.

17. All Defendants served and properly joined in this action have or will consent to this removal.

18. Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Newrez will send written notice and a copy of the Notice of Removal to Plaintiff and will file a copy of the Notice of Removal with the Circuit Clerk for Tallapoosa County, Alabama. A copy of the notice to be filed in the Circuit Court is attached as **Exhibit 2** to this Notice of Removal.

WHEREFORE, Newrez prays that this Notice of Removal be deemed good and sufficient, that Plaintiff's Complaint be removed from the Circuit Court of Tallapoosa County to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and thereupon proceed with this civil action as if it had originally been commenced in this Court.

/s/ Joseph V. Ronderos
Joseph V. Ronderos
*Counsel for Newrez LLC d/b/a Shellpoint Mortgage Servicing*

**OF COUNSEL:**
Stites & Harbison PLLC
2204 Whitesburg Drive, Suite 302
Huntsville, AL 35801
(615) 782-2205 (telephone)
(615) 782-2371 (facsimile)
jronderos@stites.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following, and also served the following by email and first class mail:

Melissa Andersen
594 Amber Drive
Jacksons Gap, AL 36861

and

36 Shady Bay Lane
Jacksons Gap, AL 36861
(205) 225-9777
manders@slssecurities.com
*Pro Se Plaintiff*

Padgett Law Group
415 N. McKinley Drive 1177
Little Rock, AR 72205
*Defendant*

/s/Joseph V. Ronderos
OF COUNSEL